

DA 07-0256

IN THE SUPREME COURT OF THE STATE OF MONTANA

2008 MT 71N

RANDALL A. LAMPHERE,

        Plaintiff and Appellant,

   v.

MONTANA DEPARTMENT OF TRANSPORTATION.

        Defendant and Appellee.


APPEAL FROM:    District Court of the Twentieth Judicial District,
                  In and For the County of Lake, Cause No. DV 06-278,
                  Honorable C.B. McNeil, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

                Randall A. Lamphere, pro se, Ronan, Montana

        For Appellee:

                Robert M. Gentry, Special Assistant Attorney General,
                Missoula, Montana


                              Submitted on Briefs: January 23, 2008

                                   Decided: February 26, 2008

Filed:

                        _____
                                Clerk

Justice W. William Leaphart delivered the Opinion of the Court.

¶1      Pursuant to Section I, Paragraph 3(d), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent.  It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2      Randall A. Lamphere ("Lamphere") filed a complaint against the Montana Department of Transportation ("MDT") in connection with two contracts he purported to have entered with the MDT.  The MDT moved to dismiss the complaint pursuant to M. R. Civ. P. 12(b)(6).  The District Court granted the motion to dismiss, and found that the pleading failed to state a claim upon which relief could be granted.   We affirm.

¶3      Lamphere's complaint fails to state a cause of action.  In his complaint, Lamphere did not identify any law violated by the MDT, nor did he cite any law which supported his claims.  Instead, he merely alleged that the MDT "[was] unlawfully proceeding with the procurement of a bid," that the MDT acted in bad faith, that the MDT "acted with deception," and that the MDT caused him "embarrassment, humiliation, financial loss, and mental anguish."  None of these allegations add up to a legal cause of action upon which relief can be granted.

¶4      Lamphere elaborates on these allegations on appeal by raising new issues of law and allegations of fact for the first time in his appellate brief.  However, we review a district court's order granting a motion to dismiss pursuant to M. R. Civ. P. 12(b)(6)

2

based on the sufficiency of the complaint alone. *Cowan v. Cowan*, 2004 MT 97, ¶ 11, 321 Mont. 13, ¶ 11, 89 P.3d 6, ¶ 11. The only document relevant to our review on appeal is the complaint, and any documents it incorporates by reference. *Cowan*, ¶ 11. Furthermore, it is well-settled that we will not consider issues raised for the first time on appeal. *Jones v. Montana University System*, 2007 MT 82, ¶ 23, 337 Mont. 1, ¶ 23, 155 P.3d 1247, ¶ 23.

¶5 It is appropriate to decide this case pursuant to our Order of February 11, 2003, amending Section 1.3 of our 1996 Internal Operating Rules and providing for memorandum opinions. It is manifest on the face of the briefs and the record before us that the appeal is without merit because the legal issues are clearly controlled by settled Montana law which the District Court correctly interpreted. The District Court did not err in dismissing Lamphere's complaint pursuant to M. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. We affirm.

/S/ W. WILLIAM LEAPHART

We concur:

/S/ JAMES C. NELSON
/S/ PATRICIA COTTER
/S/ JIM RICE
/S/ BRIAN MORRIS