DA 07-0401

IN THE SUPREME COURT OF THE STATE OF MONTANA

2008 MT 203N

DAVID WHITE and JULIE WHITE,

      Plaintiffs and Appellants,

  v.

STATE OF MONTANA, Barbara Harris, individually
and as Special Prosecutor for Madison County,
Montana, and as Assistant Attorney General for the State
of Montana, MADISON COUNTY SHERIFF DAVE
SCHENK, MADISON COUNTY DEPUTY SHERIFF
DAN BIRDSILL, MADISON COUNTY DEPUTY
SHERIFF EVAN ANDREN, CURTIS KRUER,
STEPHANIE KRUER, and DOES I-X,

      Defendants and Appellees.

| | |
|---|---|
| APPEAL FROM: | District Court of the Fifth Judicial District, In and For the County of Madison, Cause No. DV 29-2005-43 Honorable Wm. Nels Swandal, Presiding Judge |

COUNSEL OF RECORD:

      For Appellant:

          F. Ron Newbury, Attorney at Law, Helena, Montana

      For Appellee State of Montana and Barbara Harris:

          Hon. Mike McGrath, Montana Attorney General, Paul D. Johnson,
          Assistant Attorney General, Helena, Montana

      For Appellees Madison County Sheriff Dave Schenk and Madison County Deputy
      Sheriffs Dan Birdsill and Evan Andren:

          Richard Larson, Harlen, Chronister, Parish & Larson, P.C.,
          Helena, Montana

      For Appellees Stephanie and Curtis Kruer:

          Patrick M. Sullivan, Attorney at Law, Butte, Montana

Submitted on Briefs:  April 24, 2008

Decided:  June 10, 2008

Filed:

_____
Clerk

Justice Patricia O. Cotter delivered the Opinion of the Court.

¶1      Pursuant to Section 1, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent.  Its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2      On August 23, 2005, David and Julie White (Whites) filed a seven count complaint against the above-named appellees in the District Court of the Fifth Judicial District, Madison County.  The Whites now appeal five orders of the District Court granting three motions to dismiss and two motions for summary judgment, which resulted in the dismissal of all counts in their complaint against all appellees.  We affirm.

¶3      On September 26, 2003, Madison County Deputy Sheriff Dan Birdsill (Birdsill) issued two misdemeanor citations to David White—one for criminal trespass to property, the other for criminal mischief.  The events leading to the issuance of the citations are briefly described as follows.  David White was employed by Three Creeks Ranch, L.L.C. (Three Creeks).  Curtis and Stephanie Kruer (Kruers) are owners of lots in the Three Creeks Ranch Subdivision which is located in Madison County.  During the irrigation season of 2003, David White was responsible for irrigating some land owned by Three Creeks.  In the course of performing his work for Three Creeks, he and the Kruers became embroiled in a dispute over water usage.  This dispute ultimately led Curtis Kruer to place a lock on a panel box which controlled an irrigation pump system on September 26, 2003.  Later that day, David White removed the lock so that he could access the panel

3

box. After David White cut the lock, Curtis Kruer reported this incident to the Madison County Sheriff's Department, leading to the two misdemeanor citations against David White.

¶4 In April 2004, the Madison County Justice Court dismissed the criminal trespass charge against David White, but convicted him on the criminal mischief charge. David White appealed his conviction to the District Court, which dismissed the charge in August 2004. On August 23, 2005, the Whites filed their complaint against appellees containing the following seven counts: Count I, seeking attorneys fees and costs against all appellees under the secondary easement statute, § 70-17-112, MCA; Count II, malicious prosecution as against all appellees; Count III, intentional infliction of serious emotional distress as against all appellees; Count IV, negligent infliction of serious emotional distress as against all appellees; Count V, abuse of process, as against all appellees; Count VI, defamation, as against the Kruers; and Count VII, tortious interference with contract, as against all appellees.

¶5 On November 8, 2005, the District Court granted a motion filed by the Kruers to dismiss Count I of the complaint. On November 21, 2005, the District Court granted a motion filed by the state of Montana and Madison County Prosecutor Barbara Harris (Harris) to dismiss all counts of the Whites' complaint as against them. On December 15, 2005, the District Court granted a motion to dismiss Count I of the Whites' complaint filed by Madison County Sheriff Dave Schenk (Schenk), Madison County Deputy Sheriff Evan Andren (Andren), and Birdsill. On May 18, 2007, the District Court granted summary judgment to the Kruers on the remaining counts of the Whites' complaint. That

4

same day, the District Court granted Birdsill, Schenk, and Andren summary judgment on the remaining counts of the Whites' complaint as well.

¶6 A complaint should not be dismissed for insufficiency under M. R. Civ. P. 12(b)(6), unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Cowan v. Cowan*, 2004 MT 97, ¶ 10, 321 Mont. 13, ¶ 10, 89 P.3d 6, ¶ 10. Here, the District Court did not err in dismissing Count I as against all appellees. Because David White was only an employee of Three Forks and not a holder of a ditch or easement, he could not seek attorney's fees and costs under § 70-17-112, MCA. Thus, the Whites simply failed to state a claim for which relief could be granted under Count I and dismissal was proper under M. R. Civ. P. 12(b)(6).

¶7 Similarly, the District Court did not err in dismissing Counts II through VII of the Whites' complaint as against the state of Montana and Harris. As the District Court correctly noted, these appellees enjoy prosecutorial immunity from suit for action taken in the course of their prosecutorial duties. *State ex rel. Dept. of Justice v. Dist. Ct. of the Eighth Jud. Dist.*, 172 Mont. 88, 91-93, 560 P.2d 1328, 1329-31 (1976). Because the Whites' complaint seeks relief against these appellees based on conduct taken in the course of their prosecutorial duties, the District Court was correct to grant the motion to dismiss filed by Harris and the state of Montana.

¶8 Additionally, we conclude the District Court did not err in granting summary judgment to the Kruers, Schenk, Birdsill, and Andren. We review a district court grant of summary judgment de novo, employing the standards set forth in M. R. Civ. P. 56(C).

5

*Flathead Citizens for Quality Growth, Inc. v. Flathead Co. Bd. of Adjustment*, 2008 MT 1, ¶ 31, 341 Mont. 1, ¶ 31, 175 P.3d 282, ¶ 31. Summary judgment is only appropriate when the moving party has met its initial burden by showing that no genuine issue of material fact exists, the non-moving party has failed to demonstrate that a genuine issue of fact exists precluding summary judgment, and the moving party has demonstrated that it is entitled to judgment as a matter of law. *Flathead Citizens*, ¶ 31. We review a district court's conclusions of law for correctness. *Flathead Citizens*, ¶ 31.

¶9 As noted by the District Court, the Whites did not argue below that Birdsill, Schenk, and Andren, failed to meet their burden on summary judgment with respect to Counts III, IV, V, and VII. Further, the Whites did not argue that the Kruers failed to meet their burden on summary judgment with respect to Counts III through VII. On appeal, the Whites have similarly failed to demonstrate that the District Court erred in granting summary judgment to the appellees on these counts of their complaint.

¶10 The Whites have also failed to demonstrate that the District Court erred in granting summary judgment to these appellees on Count II. Count II of the Whites' complaint alleged malicious prosecution against the Kruers, Birdsill, Andren, and Schenk. As the District Court correctly noted, malicious prosecution has the following necessary elements:

> (1) a judicial proceeding was commenced and prosecuted against the plaintiff;
>
> (2) the defendant was responsible for instigating, prosecuting or continuing such proceeding;
>
> (3) there was a lack of probable cause for the defendant's acts;

6

(4) the defendant was actuated by malice;

(5) the judicial proceeding terminated favorably for plaintiff; and

(6) the plaintiff suffered damage.

*Plouffe v. Mont. Dept. of Pub. Health and Human Servs.*, 2002 MT 64, ¶ 16, 309 Mont. 184, ¶ 16, 45 P.3d 10, ¶ 16. "If one of these elements is not proven by *prima facie* evidence, judgment as a matter of law may be entered for the defendant." *Plouffe*, ¶ 16.

¶11   With respect to the Kruers, the District Court noted that, at best, the Whites could only prove elements (1), (5) and (6), insofar as the charges against David White were commenced and prosecuted, ultimately dismissed, and he incurred attorney's fees in defending himself against those charges. On appeal, the Whites have not demonstrated that the District Court erred in this conclusion, and have not presented any evidence or argument showing that they can make the required prima facie showing with respect to the other elements as set forth in *Plouffe*. Thus, the District Court did not err in granting summary judgment to the Kruers on Count II of the Whites' complaint.

¶12   Further, the District Court did not err in granting summary judgment to Birdsill, Schenk, and Andren on Count II of the Whites' complaint. As noted by the District Court, the Whites presented no allegations that Schenk and Andren had anything to do with prosecuting David White, nor that they acted with malice. While Birdsill did issue citations against David White to instigate the proceedings, he had probable cause to do so based on the information provided by Curtis Kruer. The fact that the charges were later dismissed does not automatically imply that there was not probable cause to issue the

7

citations in the first place.  Moreover, the Whites failed to demonstrate before the District Court, or now on appeal, that Andren acted with malice in issuing the citations.  Thus, the District Court did not err in granting summary judgment to appellees Birdsill, Schenk, and Andren.

¶13    For these reasons we affirm the District Court.  However, we decline to grant an award of attorney's fees against the Whites as requested by the appellees.


/S/ PATRICIA COTTER


We concur:

/S/ W. WILLIAM LEAPHART
/S/ JOHN WARNER
/S/ JIM RICE
/S/ BRIAN MORRIS