FILED

09/14/2021

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 20-0398

DA 20-0398

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2021 MT 232

BRADLEY BARTHEL,

      Plaintiff and Appellant,

  v.

BARRETTS MINERALS INC., and JAMES DE LOS RIOS,

      Defendants and Appellees.

APPEAL FROM:    District Court of the Fifth Judicial District,
In and For the County of Beaverhead, Cause No. DV-19-14238
Honorable Luke Berger, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Adam Cook, Everett Cook Law, Anaconda, Montana

          Brian J. Miller, Morrison, Sherwood, Wilson, & Deola, PLLP, Helena, Montana

      For Appellees:

          Stephanie M. Breck, Justin G. Breck, Breck Law Office, PC, Columbia Falls, Montana

      For Intervenor:

          Austin Knudsen, Montana Attorney General, Matthew T. Cochenour, Assistant Attorney General, Helena, Montana

Submitted on Briefs: March 31, 2021

Decided: September 14, 2021

Filed:

_____
Clerk

Justice James Jeremiah Shea delivered the Opinion of the Court.

¶1 Bradley Barthel appeals from the July 17, 2020 Order of the Fifth Judicial District Court, Beaverhead County, dismissing his First Amended Complaint pursuant to M. R. Civ. P. 12(b)(6). We affirm, restating and addressing the following dispositive issue:

> *Whether the District Court erred by granting Barretts and de los Rios's Rule 12(b)(6) motion to dismiss based on Barthel's failure to notify Barretts of his off-duty medical marijuana use, as required by the employee policy.*

## FACTUAL AND PROCEDURAL BACKGROUND

¶2 Barthel was employed with Barretts Minerals, Inc. (Barretts) as a lab technician and loader operator from July 2012 until his termination on March 28, 2019. Barthel was terminated after testing positive for THC in a random drug and alcohol urine analysis test.

¶3 In January 2019, Barthel's physician prescribed medical marijuana as treatment for his diagnosed Post-Traumatic Stress Disorder (PTSD) related to an accident several years earlier. Barthel received his "green card" and began using medical marijuana during the evenings after work in February 2019. Barthel did not use medical marijuana immediately prior to nor during any of his work shifts.

¶4 On March 15, 2019, Barretts randomly selected Barthel for a drug and alcohol urine analysis test pursuant to the company's Human Resources Policy and Procedural Guide (the Policy). Barthel informed his supervisor, James de los Rios, that he had been prescribed medical marijuana and would likely test positive for THC. Barthel was placed on suspension pending the results of the drug test. On March 28, 2019, the drug test identified the presence of THC in Barthel's system. Barretts terminated Barthel for violating the Policy.

2

¶5     The Policy prohibits employees who occupy what are termed "Safety/Environmental/Security Sensitive Positions" (SESSP)[1] from taking any legally obtained drug or controlled substance if such use "may have adverse effects on their ability to perform their job safely and efficiently." The Policy provides an avenue for SESSP employees to take legally prescribed drugs or controlled substances while in Barretts' employ, but only if the employee notifies a supervisor of such use. Management then determines, in consultation with a health care provider, if the employee poses a safety threat or if his job performance would be adversely affected. The Policy provides that "[e]mployees in violation of this Policy may be subject to immediate termination of employment."

¶6     Following his termination, Barthel filed a complaint alleging wrongful discharge from employment under §§ 39-2-904(1) and 39-2-210, MCA; employment discrimination under §§ 49-2-303 and 49-4-101, MCA; and sought a declaratory judgment that § 50-46-320(4)(b) and (5)(b), MCA, of the Medical Marijuana Act (MMA) are unconstitutional as applied to this case.

¶7     Barretts and de los Rios moved to dismiss the complaint pursuant to M. R. Civ. P. 12(b)(6), arguing that the complaint failed to state claims for wrongful discharge and discrimination because Barthel's failure to notify Barretts of his use of medical marijuana violated the company's Policy, which constituted good cause for

---

[1] Pursuant to the Policy, an SESSP is "a position which requires that the employee perform, or is responsible for performing duties which are directly related to the safe operation or security of a facility." The parties do not dispute that Barthel was an SESSP employee.

termination.  Barretts further argued that the MMA bars any cause of action for wrongful discharge and employment discrimination based on marijuana use.[2]  In response, Barthel asserted that he complied with the Policy at all times because the marijuana was prescribed by a licensed health care provider, and his off-duty use did not "affect the safety of the employee, co-workers, or members of the public, the employee's job performance, or the safe and efficient operation of the Company facility."  Barthel further contended that the MMA is unconstitutional to the extent it bars causes of action for discrimination and wrongful discharge.[3]

¶8      The District Court granted Barretts' motion and dismissed all claims pursuant to M. R. Civ. P. 12(b)(6).  The District Court based its decision, in part, on its conclusion that Barthel had failed to notify his supervisor that he had been using medical marijuana as required by the Policy.

## STANDARD OF REVIEW

¶9      We review de novo an order granting a motion to dismiss under M. R. Civ. P. 12(b)(6).  *Good Sch. Missoula, Inc. v. Missoula Cty. Pub. Sch. Dist. No. 1*, 2008 MT 231, ¶ 15, 344 Mont. 374, 188 P.3d 1013.  In doing so, we construe the complaint

---

[2] The facts as alleged in the complaint establish Barthel was fired for violating the terms of the Policy.  Because we resolve the issue on this basis, we need not address the merits of whether § 50-46-320(5)(b) bars a cause of action for wrongful discharge or discrimination based on an employee's medical marijuana use.

[3] Because we affirm the District Court's granting the motion to dismiss on the basis that Barthel violated the Policy's notification provision, we do not reach the merits of Barthel's constitutional challenge.  ("This Court will avoid deciding constitutional issues whenever possible." *Weidow v. Uninsured Emp'rs' Fund*, 2010 MT 292, ¶ 22, 359 Mont. 77, 246 P.3d 704.)

4

in the light most favorable to the plaintiff, and all allegations of fact contained therein are taken as true. *Robinson v. State*, 2003 MT 110, ¶ 20, 315 Mont. 353, 68 P.3d 750. However, the Court is not required to take as true any allegations in the complaint that are legal conclusions. *Cowan v. Cowan*, 2004 MT 97, ¶ 14, 321 Mont. 13, 89 P.3d 6. A complaint should not be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *Cowan*, ¶ 10.

¶10 "The District Court's interpretation of an employer's personnel policies is a question of law." *Buckley v. Western Mont. Cmty. Mental Health Ctr.*, 2021 MT 82, ¶ 13, 403 Mont. 524, 485 P.3d 1211 (citing *Wurl v. Polson Sch. Dist. No. 23*, 2006 MT 8, ¶¶ 16-18, 330 Mont. 282, 127 P.3d 436). This Court reviews a district court's conclusions of law to determine whether they are correct. *Buckley*, ¶ 13.

## DISCUSSION

¶11 *Whether the District Court erred by granting Barretts and de los Rios's Rule 12(b)(6) motion to dismiss based on Barthel's failure to notify Barretts of his off-duty medical marijuana use, as required by the employee policy.*

¶12 The Wrongful Discharge from Employment Act (WDEA) provides employees an exclusive remedy for wrongful discharge. Section 39-2-902, MCA. A discharge may be wrongful if it was without good cause. Section 39-2-904(1)(b), MCA. Barthel's complaint alleges he was fired without good cause because, he asserts, he did not violate Barretts' Policy.

¶13 "Good cause" is defined as "reasonable job-related grounds for dismissal based on a failure to satisfactorily perform job duties, disruption of the employer's operation, or other legitimate business reason." Section 39-2-903(5), MCA. An employer may fire an

5

employee for a legitimate business reason— "one that is 'neither false, whimsical, arbitrary or capricious, and [it] must have some logical relationship to the needs of the business.'" *Jackson v. Costco Wholesale Corp.*, 2018 MT 262, ¶ 25, 393 Mont. 191, 429 P.3d 641 (quoting *Baumgart v. State*, 2014 MT 194, ¶ 35, 376 Mont. 1, 332 P.3d 225 (internal citation omitted)). In particular, in the absence of disputed material facts, "[v]iolation of an employer's written policies is good cause to terminate an employee" as a matter of law. *Jackson*, ¶ 25 (quoting *Fenger v. Flathead County*, 277 Mont. 507, 513, 922 P.2d 1183, 1186 (1996)).

¶14 The relevant provision of the Policy's "Misuse of Legal Drugs" section reads as follows:

> The use of any legally obtained drug or Controlled Substance by any employee while performing Company business or while in a Company facility is prohibited to the extent such use may affect the safety of the employee, co-workers, or members of the public, the employee's job performance, or the safe and efficient operation of the Company facility. *SESSP employees are required to advise their supervisor whenever they work while taking a legal drug or Controlled Substance that may have adverse effects on their ability to perform their job safely and efficiently. An employee may continue to work*, even though using a legal drug or Controlled Substance *if Management has determined*, after consulting with the Company health care provider and with Human Resources, *that the employee does not pose a threat to his or her own safety, or the safety of co-workers and that the employee's job performance will not be significantly affected by the drug or Controlled Substance*.

(Emphasis added.)

¶15 Barthel contends the District Court exceeded the scope of a Rule 12(b)(6) motion to dismiss when it concluded that Barthel violated the Policy by failing to notify Barretts of his medical marijuana use. Barthel asserts that employees are required to make a

6

notification only if the legal drug or controlled substance has "adverse effects" on job performance or safety. Thus, he argues that the question of whether off-duty medical marijuana use "may have adverse effects" is a factual determination for a jury. Because he frames the question as an issue of fact, Barthel contends the District Court was required to accept as true his allegation that "he did comply with company policy" for purposes of a Rule 12(b)(6) motion. Barthel's argument is misplaced.

¶16 There is no factual dispute that Barthel did not notify Barretts of his medical marijuana use; nor is there a factual dispute that Barthel had THC in his system while he was on the job. The dispositive question then is whether the Policy required Barthel to notify Barretts of his medical marijuana use. Interpretation of an employer's personnel policy is a question of law. *Buckley*, ¶ 13.

¶17 The crux of the issue is whether, under the "Misuse of Legal Drugs" provision, the phrase "may have adverse effects," requires SESSP employees using medical marijuana to immediately notify management before continuing their job duties regardless of the quantity or timing of that usage. The parties disagree as to how the word "may" operates in this provision. "An ambiguity exists where the language of a contract, as a whole, reasonably is subject to two different interpretations. . . . However, the mere fact that the parties disagree as to the interpretation of a contract does not automatically create an ambiguity." *Wurl*, ¶ 17 (citations omitted).

¶18 Barthel interprets "may have adverse effects" as vesting the employee with the discretion to determine whether his marijuana use would or would not pose a threat to his own safety, or the safety of co-workers and affect his job performance. Barthel effectively

contends that if the employee unilaterally determines that his marijuana use does not pose a safety risk or affect his job performance, then the notification requirement is not triggered. Barthel's interpretation is not reasonable.

¶19 The indisputable purpose of this provision is to ensure that an employee's use of a controlled substance "does not pose a threat to his or her own safety, or the safety of co-workers and that the employee's job performance will not be significantly affected by the drug or Controlled Substance." The provision sets forth a clearly defined protocol for making that determination. The protocol begins with the employee notifying management of the substance being used. Notwithstanding the employee's use of the controlled substance, the Policy allows that the employee "may continue to work . . . if *Management has determined*, after consulting with the Company health care provider and with Human Resources, that the employee does not pose a threat to his or her own safety, or the safety of co-workers and that the employee's job performance will not be significantly affected by the drug or Controlled Substance." (Emphasis added.) Management can only make that determination, in consultation with the Company health care provider and Human Resources, if it is notified of the employee's use of the drug or controlled substance. Barthel's argument that the Policy did not require him to notify Management if he unilaterally determined that his marijuana use did not pose a safety risk or affect his job performance would effectively nullify the entire process involving Management, the Company health care provider, and Human Resources.

¶20 Under the plain terms of the Policy, the only set of facts Barthel could prove to withstand a motion to dismiss is that he had in fact notified his employer of his medical

8

marijuana use. His complaint alleges the opposite—that Barthel worked for a full month while taking medical marijuana without notifying his supervisor. Because the provision in the policy requires notification if an employee takes a drug that "may have adverse effects on their ability to perform their job safely and efficiently," Barthel violated company policy by failing to notify Barretts. Barthel's violation provided good cause for his discharge.

## CONCLUSION

¶21 The District Court did not err in granting Defendants' Motion to Dismiss on the basis that Barthel failed to notify Barretts that he was taking a controlled substance that may have had adverse effects on his ability to perform his job safely and efficiently. His failure to follow Barretts' Policy constituted good cause for termination. We affirm.

/S/ JAMES JEREMIAH SHEA

We Concur:

/S/ MIKE McGRATH
/S/ LAURIE McKINNON
/S/ BETH BAKER
/S/ INGRID GUSTAFSON
/S/ DIRK M. SANDEFUR
/S/ JIM RICE