FILED

01/24/2023

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 22-0216

DA 22-0216

IN THE SUPREME COURT OF THE STATE OF MONTANA

2023 MT 12N

MATTHEW PEAVLER,

Plaintiff and Appellant,

v.

ROCKY MOUNTAIN SUPPLY, INC.,

Defendant and Appellee.

APPEAL FROM:     District Court of the Eighteenth Judicial District,
In and For the County of Gallatin, Cause No. DV-21-1290B
Honorable Rienne H. McElyea, Presiding Judge

COUNSEL OF RECORD:

For Appellant:

Nicholas LeTang, Passamani & LeTang, PLLC, Helena, Montana

For Appellee:

Daniela E. Pavuk, Pavuk Law, PLLC, Billings, Montana

Submitted on Briefs:  October 19, 2022

Decided:   January 24, 2023

Filed:

_____
                        Clerk

Justice James Jeremiah Shea delivered the Opinion of the Court.

¶1     Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion, shall not be cited and does not serve as precedent.  Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2     Matthew Peavler appeals the District Court's order dismissing his action against his former employer, Rocky Mountain Supply, Inc. (RMS), alleging that RMS violated the Wrongful Discharge from Employment Act (WDEA), Title 39, chapter 2, MCA.

¶3     Peavler's Complaint alleged the following.  RMS employed both Peavler and his wife, Jessica.  Peavler worked in an RMS store behind the gun counter.  Jessica worked in RMS's corporate office.  In June of 2020, Jessica took maternity leave; before taking maternity leave, Jessica and Brad Gjermo, RMS's CEO, had a disagreement.  In August of 2020, while Jessica was still on maternity leave, Gjermo called Jessica into the office and terminated her.

¶4     Before Jessica's termination, RMS allowed Peavler to work without a mask that was otherwise required of employees pursuant to COVID-19 protocols.  Although Peavler had not provided RMS with a written medical exemption, he represented that he could provide one.  Shortly after Jessica's termination, RMS advised Peavler that he could no longer work without a mask until he produced a medical exemption.  Peavler produced a medical note in a sealed envelope, but RMS refused to open it.  RMS then terminated Peavler for the stated reason of job abandonment.

2

¶5	In his Complaint, Peavler alleged that RMS violated the WDEA when it "terminated [him] without cause for 'job abandonment.'"[1]  Peavler alleged that RMS allowed other employees to work without a mask when they produced medical notes, and Peavler's medical note was the only one that RMS refused to consider.  Peavler also alleged that the reason RMS gave for terminating him was pretextual and that his termination was due to Jessica's dispute with RMS.

¶6	RMS moved the District Court to dismiss Peavler's Complaint, arguing that Peavler failed to state a claim for wrongful discharge under the WDEA because his allegations concerned marital discrimination.  The District Court granted RMS's motion and dismissed Peavler's Complaint pursuant to M. R. Civ. P. 12(b)(6).  The District Court concluded that, because all of Peavler's factual allegations related to Jessica, his "[c]omplaint for wrongful discharge from employment under the WDEA, is premised entirely on underlying allegations of marital discrimination . . . ."

¶7	"We review de novo an order granting a motion to dismiss under M. R. Civ. P. 12(b)(6)."  *Barthel v. Barretts Minerals Inc.*, 2021 MT 232, ¶ 9, 405 Mont. 345, 496 P.3d 541 (internal citation omitted).  We take all well-pled factual assertions as true and construe the complaint "in the light most favorable to the claimant, drawing all reasonable inferences in favor of the claim."  *Anderson v. ReconTrust Co.*, 2017 MT 313, ¶ 8, 390 Mont. 12, 407 P.3d 692 (internal citations omitted).  Under the notice pleading requirements of M. R. Civ. P. 8(a), a "complaint must set forth a short and plain statement

---

[1] Peavler also filed a complaint with the Montana Human Rights Bureau (HRB) alleging unlawful discrimination.  Peavler's HRB complaint is not the subject of this appeal.

of a cognizable legal claim showing that the pleader is entitled to relief." *Anderson*, ¶ 8 (citing M. R. Civ. P. 8(a)). "An asserted claim is facially deficient only if it either fails to state a cognizable legal theory for relief[] or states an otherwise cognizable legal claim but fails to state sufficient facts that, if true, would entitle the claimant to relief thereunder." *Babcock v. Casey's Mgmt., LLC*, 2021 MT 215, ¶ 25, 405 Mont. 237, 494 P.3d 322 (citing *Anderson*, ¶ 8).

¶8      As pled, Peavler's Complaint is inartful. As it pertains to the claims that rely on his marital relationship with Jessica, the District Court correctly held that they are not cognizable under the WDEA. Independent of his marital relationship, however, Peavler's Complaint includes a cognizable claim under the WDEA that, if true, would entitle Peavler to relief under the WDEA. Relevant only to his WDEA claim, Peavler alleged in his Complaint:

> 1. RMS ordered that Peavler could not work until he produced a doctor's note that exempted him from wearing a mask.
>
> 2. Peavler produced a doctor's note in a mailed envelope, but RMS refused to open it.
>
> 3. After refusing to acknowledge his doctor's note, RMS terminated Peavler without cause for "job abandonment."

¶9      "A discharge may be wrongful if it was without good cause." *Barthel*, ¶ 12 (citing § 39-2-904(1)(b), MCA). Under Montana law, good cause for a discharge is "any reasonable job-related grounds for an employee's dismissal based on[]" one of four enumerated reasons. Section 39-2-903(5), MCA. To prove that a discharge was without good cause, the employee must show either that the employer's given reason for the

4

discharge is not good cause under Montana law "or that the given reason is a pretext and not the honest reason for the discharge." *Becker v. Rosebud Operating Servs.*, 2008 MT 285, ¶ 24, 345 Mont. 368, 191 P.3d 435 (internal quotation and citations omitted).

¶10 An employee may not bring a wrongful discharge claim under the WDEA for marital discrimination. *See Vettel-Becker v. Deaconess Med. Ctr. of Billings, Inc.*, 2008 MT 51, ¶ 30, 341 Mont. 435, 177 P.3d 1034 (citing §§ 39-2-902, -912, MCA). However, "there can be facts supporting a claim for discrimination and other facts supporting a claim for wrongful discharge arising from the same case." *Vettel-Becker*, ¶ 40. A party may seek relief from a district court under the WDEA "as long as that claim is not premised upon underlying allegations of discrimination." *Vettel-Becker*, ¶ 40; *Saucier v. McDonald's Rests. of Mont., Inc.*, 2008 MT 63, ¶ 75, 342 Mont. 29, 179 P.3d 481. A claim is not premised upon underlying allegations of discrimination when it does not rest or depend upon establishing discrimination. *Vettel-Becker*, ¶ 39.

¶11 RMS contends it had good cause to terminate Peavler because he abandoned his job. Peavler disputes that contention. Whether or not Peavler did, in fact, abandon his job and whether or not RMS did, in fact, have good cause to terminate him are, by definition, factual determinations that are not susceptible to a motion to dismiss. Under our notice pleading standard, Peavler's Complaint alleged a cognizable claim under the WDEA. As noted above, to the extent that Peavler's claims depend upon his marital relationship with Jessica, the District Court correctly held that they are not cognizable under the WDEA and Peavler may not assert those claims within the context of his WDEA suit. But construed in a light most favorable to Peavler, his Complaint includes factual assertions that support

5

a wrongful discharge claim independent of the extraneous factual assertions related to his marital relationship.

¶12    We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. This appeal presents no constitutional issues, no issues of first impression, and does not establish new precedent or modify existing precedent.  We conclude that the District Court erred in granting RMS's Motion to Dismiss.  We reverse and remand.

/S/ JAMES JEREMIAH SHEA

We Concur:


/s/ MIKE McGRATH
/S/ LAURIE McKINNON
/S/ DIRK M. SANDEFUR

Justice Beth Baker, dissenting.

¶13 Peavler's Complaint pleaded one claim for wrongful discharge and one claim for punitive damages. Peavler concluded the factual allegations of the Complaint by alleging that the stated reason for his termination was "pretextual" and that his termination "is a direct result of Jessica Peavler's attempt to enforce public policy, i.e., Governor Bullock's COVID mandates." On that basis, he alleged that he was terminated without cause. Peavler's claim for punitive damages again alleged that he "was terminated in direct retaliation to [sic] Jessica Peavler's refusal to violate public policy when CEO Brad Gjermo ignored Governor Bullock's mandate on quarantining after leaving the State of Montana." The Complaint plainly alleged that "the honest reason for the discharge," rather than the "pretextual" job-abandonment reason given, was "premised upon underlying allegations of [marital-status] discrimination." *Vettel-Becker*, ¶¶ 40, 43. The punitive damage claim reinforced the discrimination-rooted nature of Peavler's Complaint.

¶14 As pleaded, Peavler failed to state a WDEA claim independent of his claim of discrimination. After RMS moved to dismiss, Peavler did not move for leave to file an amended complaint to allege a stand-alone wrongful discharge claim without the discrimination allegations, even though he acknowledged that discrimination-based claims were improper; he argued instead that his allegations "[did] not preclude alternative explanations to why Plaintiff was terminated—only that his termination was *without cause* and could be a 'direct result' of Mrs. Peavler's decision to uphold public policy." (Emphasis in original.) At the same time, he resisted RMS's alternative motion to strike from the Complaint the allegations related to Jessica Peavler's Human Rights Complaint,

7

stating that the "Defendant has failed to state how Plaintiff's allegations amount to *redundant, immaterial, impertinent,* or *scandalous* matter under Rule 12(f)." (Emphasis in original.)  Nor did Peavler agree to the Defendant's request to at least dismiss the punitive damages claim that alleged only retaliation for *his wife's* refusal to violate public policy.

¶15    The Court's decision will allow Peavler a do-over to correct the defects in his pleading, despite Peavler's deliberate choice not to narrow his WDEA claim to bring it within the reach of the statute.  I dissent from that conclusion and would affirm the District Court's order of dismissal.

/S/ BETH BAKER