FILED

01/22/2025

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 24-0414

DA 24-0414

IN THE SUPREME COURT OF THE STATE OF MONTANA

2025 MT 17N

PAUL DENIS,

      Plaintiff and Appellant,

  v.

CARY MASSEY, ROSE GALLAGHER, and
SPANISH PEAKS MOUNTAIN CLUB,

      Defendants and Appellees.

APPEAL FROM:   District Court of the Eighteenth Judicial District,
                In and For the County of Gallatin, Cause No. DV-2024-227
                Honorable Andrew Breuner, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

      Paul Denis, Self-Represented, Westfield, New Jersey

      For Appellees:

      Ian McIntosh, Kelsey Bunkers, Crowley Fleck, PLLP, Bozeman,
      Montana

                          Submitted on Briefs:  January 2, 2025

                                   Decided:  January 22, 2025

Filed:

                               _____
                                    Clerk

Justice James Jeremiah Shea delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion, shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Paul Denis appeals from the Eighteenth Judicial District Court, Gallatin County's dismissal of his claim for injunctive relief against Cary Massey, Rose Gallagher, and Spanish Peaks Mountain Club (collectively, "SPMC").[1] Denis contends the District Court erred by failing to accept his factual allegations as true and therefore erroneously dismissed his Complaint pursuant to M. R. Civ. P. 12(b)(6).[2] We affirm.

¶3 Denis resides in the Spanish Peaks community but is not a member of SPMC. Although SPMC allowed Denis to use its parking lots in the past, SPMC refused to issue a parking permit to him for the 2023-2024 ski season because non-member residents have no rights to use SPMC's facilities, including its parking lots. Denis, appearing pro se, filed

---

[1] SPMC urges us to dismiss this appeal on the ground that Denis failed to comply with M. R. App. P. 12. Because we hold the District Court did not err by dismissing Denis's Complaint with prejudice, we need not address this argument.

[2] On appeal, Denis also argues the District Court failed to provide him with an opportunity to amend his Complaint, and he asserts a claim for promissory estoppel. The record reflects that Denis neither attempted to amend his Complaint below nor raised the promissory estoppel issue before the District Court. "It is fundamentally unfair to fault the trial court for failing to rule correctly on an issue it was never given the opportunity to consider." *Paulson v. Flathead Conservation Dist.*, 2004 MT 136, ¶ 37, 321 Mont. 364, 91 P.3d 569 (internal quotations and citation omitted). Accordingly, we decline to consider these arguments because we will not "address an issue raised for the first time on appeal. A party may not raise new arguments or change its legal theory on appeal." *State v. Martinez*, 2003 MT 65, ¶ 17, 314 Mont. 434, 67 P.3d 207 (internal citations omitted).

a Complaint against SPMC on February 29, 2024. The Complaint requested injunctive relief in the form of an order requiring SPMC to reinstate Denis's parking permit or to activate a club membership that would allow him to park on SPMC's property. SPMC moved to dismiss for failure to state a claim pursuant to M. R. Civ. P. 12(b)(6). The District Court granted the motion and dismissed the Complaint as to all parties with prejudice.

¶4 "Whether an asserted claim fails to state a claim upon which relief may be granted is a question of law reviewed de novo for correctness under the standards of M. R. Civ. P. 12(b)(6)." *Anderson v. ReconTrust Co., N.A.*, 2017 MT 313, ¶ 7, 390 Mont. 12, 407 P.3d 692. When reviewing a district court's dismissal pursuant to Rule 12(b)(6), we construe the complaint in the light most favorable to the plaintiff and take the factual allegations contained therein as true. *Barthel v. Barretts Minerals Inc.*, 2021 MT 232, ¶ 9, 405 Mont. 345, 496 P.3d 541. We are not required to take as true any allegations in the complaint that are legal conclusions. *Barthel*, ¶ 9.

¶5 SPMC argues the District Court correctly concluded that the Complaint failed to address any of the elements required to establish a claim for injunctive relief and that the alleged facts did not support those elements. Denis does not argue on appeal the reasons his claim for injunctive relief should not have been dismissed.

¶6 A claim is subject to dismissal if it is either insufficient as it is pled to state a cognizable claim for relief, or if it states a valid legal theory but fails to state sufficient facts that, if true, would entitle the plaintiff to relief. M. R. Civ. P. 12(b)(6); *Lundeen v. Lake Cnty.*, 2024 MT 120, ¶ 11, 416 Mont. 539, ___ P.3d ___. "A cognizable claim for

3

relief generally consists of a recognized legal right or duty; infringement or breach of that right or duty; resulting injury or harm; and, upon proof of requisite facts, an available remedy at law or in equity." *Larson v. State*, 2019 MT 28, ¶ 19, 394 Mont. 167, 434 P.3d 241.

¶7 Denis failed to plead or factually establish the elements of injunctive relief, and he has not met his burden to show why the denial of a parking permit gives rise to a cognizable legal theory such that his claim can survive a Rule 12(b)(6) motion. Injunctive relief is available when: (1) the applicant is likely to succeed on the merits; (2) the applicant is likely to suffer irreparable harm in the absence of relief; (3) the balance of equities tips in the applicant's favor; and (4) the order is in the public interest. Section 27-19-201(1), MCA. The membership plan document submitted by Denis states that parking is a membership privilege. In his Complaint, Denis concedes he is not a SPMC member; he declined opportunities to become one; and he paid no money to SPMC to obtain a membership. He cites no legal authority as to why his payment of a deposit in 2004 to SPMC's predecessor-in-interest would give rise to a legally cognizable claim for injunctive relief against SPMC. Moreover, his Complaint acknowledges that parking was not an express benefit or part of the membership plan when he paid the deposit in 2004. Even if true and taken in the light most favorable to Denis, none of these allegations show that he would be likely to succeed on the merits, that he would be irreparably harmed, that equity favors him, and that an order reinstating his parking permit or giving him membership privileges is in the public interest. The District Court correctly held that

4

Denis's Complaint requesting injunctive relief failed to state a claim for which relief could be granted pursuant to Rule 12(b)(6).

¶8      We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions.  This appeal presents no constitutional issues, no issues of first impression, and does not establish new precedent or modify existing precedent.  The District Court's order dismissing Denis's Complaint with prejudice is affirmed.

/S/ JAMES JEREMIAH SHEA


We Concur:

/S/ LAURIE McKINNON
/S/ BETH BAKER
/S/ INGRID GUSTAFSON
/S/ JIM RICE