FILED

03/13/2018

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 17-0395

DA 17-0395

IN THE SUPREME COURT OF THE STATE OF MONTANA

2018 MT 44

ELIZABETH JANE HINES,

Plaintiff and Appellant,

v.

TOPHER REALTY, LLC.,

Defendant and Appellee.

APPEAL FROM:    District Court of the First Judicial District,
In and For the County of Lewis and Clark, Cause No. ADV-2016-468
Honorable Mike Menahan, Presiding Judge

COUNSEL OF RECORD:

For Appellant:

Teal Mittelstadt, Attorney at Law, Helena, Montana

For Appellee:

Gregory A. Van Horssen, Van Horssen Law & Government, PLLC,
Helena, Montana

Submitted on Briefs:  January 10, 2018

Decided:  March 13, 2018

Filed:

_____
Clerk

Chief Justice Mike McGrath delivered the Opinion of the Court.

¶1     Elizabeth Jane Hines (Hines) appeals from the First Judicial District Court's order reversing the Justice Court's order which found Topher Realty LLC (Topher) failed to comply with § 70-25-201, MCA, and therefore, Hines was entitled to a return of her security deposit. We affirm.

¶2     We restate the issue on appeal as follows:

*Whether the landlord complied with the requirements of the Montana Residential Tenants' Security Deposits Act, Title 70, chapter 24, MCA, prior to deducting costs of cleaning from a vacating tenant's security deposit.*

### FACTUAL AND PROCEDURAL BACKGROUND

¶3     On November 5, 2015, Hines provided Topher with a written thirty-day notice of her intent to vacate her rental property. The last day of her tenancy was December 5. In her letter, Hines requested Topher deduct the cost of carpet cleaning from her deposit, as she would not be cleaning the carpets. The next day, Topher sent Hines a parcel, which included a letter acknowledging the thirty-day notice and informing Hines that the property is to be cleaned and ready to re-rent on or before her move-out date of December 5. The letter informed Hines a move out inspection was scheduled for December 2.

¶4     The parcel included three other documents: "tips for cleaning," "move out appointment paperwork," and "move out cleaning checklist." The documents gave tips for cleaning, a generalized list of what needed to be cleaned prior to vacating the premises, and what cleaning products work best in each area of the home. The move-out

2

cleaning checklist stated that after the inspection Hines would be provided twenty-four hours or until her move out date to complete any cleaning still necessary. Two out of the three documents stated that the property must be cleaned and returned in the same or better condition than Hines received it; if cleaning was not done or was unsatisfactory, a cleaning service would be hired at $45 per hour, and that the cost would be treated as damages and deducted from the deposit.

¶5 On December 2, Topher's agent, Cindy Austin (Austin) arrived at Hines's rental to conduct the inspection. Austin gave Hines another copy of the generic "move out cleaning checklist," which again provided her with the information that she would have twenty-four hours from the inspection date to complete the cleaning, and if items on the checklist were not completed, Topher would hire a company to clean, and that expense would be taken out of the tenant's deposit. As Austin assessed the apartment, she filled out a preprinted written cleaning checklist, indicating which items had been cleaned with a mark. The only items checked off the list were the windows and sills. Hines and Austin both signed the paperwork; Hines was provided a copy. Later, Hines testified that she received the cleaning checklist filled out by Austin, but that she had not completed cleaning prior to the December 2 meeting. On December 5, Hines dropped the keys to her rental property into Topher's drop box.

¶6 On December 14, Austin went to the rental property and discovered the property had not been cleaned in accordance with the checklist. Austin hired a company to do the cleaning. On January 4, 2016, Topher mailed Hines a statement of deductions from the security deposit. The statement showed that Hines had a $1,075 security deposit, that

3

$85 was deducted for repair of a window, $150 was deducted for carpet cleaning, and $314.02 was deducted for general cleaning. Topher refunded Hines $525.98.

¶7 Hines filed an action in Justice Court asserting Topher improperly withheld the security deposit in violation of § 70-25-201(3), MCA. The Justice Court found Topher had violated the statute. Topher appealed and the District Court reversed and remanded for a new trial due to procedural inadequacies.

¶8 On Jan. 9, 2017, the Justice Court again found that Topher had violated § 70-25-201(3), MCA, by failing to provide Hines written notice of cleaning deficiencies or twenty-four hours to clean or fix any issues found during the inspection. The Justice Court found that "it is common sense, that the premises in this case, could not be given a final inspection until after it had been cleaned," and that because Hines had not cleaned the apartment prior to the December 2 meeting, that meeting could not have constituted the inspection. The Justice Court ordered Topher to refund Hines's full security deposit, less the carpet cleaning and the repair of the window, and pay for Hines's court costs and fees. Topher appealed to the District Court.

¶9 The District Court reversed the Justice Court. After accepting the undisputed factual findings by the Justice Court, the District Court determined that the facts in the record do not support the finding that Topher failed to comply with the statute. Specifically, the District Court found that the plain language of § 70-25-201(3), MCA, does not require the landlord's inspection to occur after the tenant has cleaned the property or after the tenant has vacated the property. The District Court remanded the

issue back to the Justice Court. Before the Justice Court could act, Hines filed the instant appeal.

## STANDARD OF REVIEW

¶10 The justice court is a court of record; accordingly, the district court functions effectively as an intermediate appellate court. Sections 3-5-303; 3-10-115, MCA. Acting within its appellate capacity, a district court is not in a position to make findings of fact or discretionary trial court rulings. *Stanley v. Lemire*, 2006 MT 304, ¶ 25, 334 Mont. 489, 148 P.3d 643. Rather, the court is "confined to review of the record and questions of law." Section 3-10-115(1), MCA; *State v. Hodge*, 2014 MT 308, ¶ 11, 377 Mont. 123, 339 P.3d 8.

¶11 Both the district court and this Court review the justice court's factual findings for clear error and its legal conclusions for correctness. *State v. Seaman,* 2005 MT 307, ¶ 10, 329 Mont. 429, 124 P.3d 1137. We review the case de novo as if the appeal had originally been filed in this Court. We examine the record independently of the district court's decision, reviewing the trial court's findings of fact under the clearly erroneous standard and its discretionary rulings for abuse of discretion. *Summers v. Crestview Apts.*, 2010 MT 164, ¶ 11, 357 Mont. 123, 236 P.3d 586; *Stanley*, ¶ 25; *State v. Warclub*, 2005 MT 149, ¶¶ 21-23, 327 Mont. 352, 114 P.3d 254.

¶12 The interpretation and construction of a statute is a matter of law, and we review whether the district court interpreted and applied a statute correctly de novo. *State v. Triplett*, 2008 MT 360, ¶ 13, 346 Mont. 383, 195 P.3d 819. Our ultimate determination is

whether the district court, in its review of the trial court's decision, reached the correct conclusions under the appropriate standards of review. *Stanley,* ¶¶ 24-26.

**DISCUSSION**

¶13    *Whether the landlord complied with the requirements of the Montana Residential Tenants' Security Deposits Act, Title 70, chapter 24, MCA, prior to deducting costs of cleaning from a vacating tenant's security deposit.*

¶14    Hines argues that Topher failed to follow the procedure outlined in § 70-25-201(3), MCA, before deducting cleaning costs from her deposit. Hines asserts the language in the statute requires that the tenant have cleaned the property prior to the inspection. Therefore, the December 2 meeting could not be considered the inspection because she had not started cleaning her apartment.

¶15    We interpret statutes consistent with the statute's plain language and will not interpret a statute beyond its plain language if the language is clear and unambiguous. *Lucas Ranch, Inc. v. Mont. Dep't of Revenue*, 2015 MT 115, ¶ 15, 379 Mont. 28, 347 P.3d 1249. In interpreting a statute, we are "simply to ascertain and declare what is in terms or in substance contained therein, not to insert what has been omitted or to omit what has been inserted." Section 1-2-101, MCA. It is not our prerogative to read into a statute what is not there. *In re Marriage of Rudolf*, 2007 MT 178, ¶ 41, 338 Mont. 226, 164 P.3d 907.

¶16    Section 70-25-201(3), MCA, which outlines security deposit deductions, provides in pertinent part:

> (3) Cleaning charges . . . may not be deducted until written notice has been given to the tenant. The notice must include the cleaning not accomplished by the tenant and the additional and type or types of cleaning

6

that need to be done by the tenant to bring the premises back to its condition at the time of its renting. After the delivery of the notice, the tenant has 24 hours to complete the required cleaning. . . .

¶17 Montana law requires a number of events take place before a landlord may deduct costs from a tenant's security deposit. To ensure the premises are appropriately cleaned, an inspection of the property may be requested by either party to occur "within 1 week prior to termination of the tenancy." Section 70-25-201(2), MCA. A landlord may deduct "actual cleaning expenses" if the property is not cleaned. Section 70-25-201(1), MCA. However, prior to deducting cleaning charges, the landlord must provide written notice to the tenant of the cleaning not accomplished by the tenant and the additional and type of cleaning that needs to be done to bring the premises back to its condition at the time of its renting. Section 70-25-201(3), MCA.

¶18 On November 5, 2015, Hines provided notice of intent to vacate and Topher mailed her three documents: "tips for cleaning," "move out appointment paperwork," and "move out cleaning checklist." The documents provided notice to Hines that she needed to clean the apartment and that there would be an inspection. Following the inspection Hines would have twenty-four hours or until her move out date to complete the required cleaning. If cleaning failed to occur or was not adequate, the property would be cleaned at $45 per hour and that amount would be treated as damages and deducted from her security deposit. These documents provided notice to Hines of what was required in order to receive a full refund of her security deposit.

¶19 Topher requested the inspection occur on December 2, which was within one week prior to termination of the tenancy as permitted by § 70-25-201(2), MCA. At the

7

December 2 meeting, as Austin assessed the apartment, she filled out a preprinted written cleaning checklist, indicating which items had been cleaned with a mark. That document provided Hines with a written list of all items still to be cleaned and indicated which items had already been cleaned. Topher provided Hines with more than twenty-four hours to finish the cleaning, as required in the statute. Section 70-25-201(3), MCA.

¶20 Hines asserts that the statute's language required cleaning to be completed prior to the inspection and that if cleaning had not been accomplished a second inspection is required. A second inspection after cleaning has been accomplished is not contemplated in the statute and we will not "insert what has been omitted." Section 1-2-101, MCA; *Bates v. Neva*, 2014 MT 336, ¶ 13, 377 Mont. 350, 339 P.3d 1265. The statute's plain language requires the landlord to provide notice of "the cleaning not accomplished." Section 70-25-201(3), MCA. If the tenant has failed to clean prior to the mutually agreed upon inspection date, there is no statutory bar preventing the landlord from indicating that the cleaning not accomplished was the entire apartment. A tenant's failure to clean before the inspection does not place an additional burden on the landlord to perform additional inspections.

¶21 Thirty days prior to her vacating the rental, Hines was provided with clear notice of the cleaning that was required in order to receive her full security deposit. Topher complied with § 70-25-201, MCA, when it provided cleaning checklists, an inspection, and a written list of items in the rental that still needed to be cleaned after December 2. Clearly Hines was made aware of the cleaning Topher expected her to do prior to returning her keys on December 5.

**CONCLUSION**

¶22    Topher complied with the requirements of state law before deducting the cost of cleaning from Hines's security deposit.

¶23    The District Court is affirmed.

/S/ MIKE McGRATH

We Concur:

/S/ JAMES JEREMIAH SHEA
/S/ JIM RICE
/S/ BETH BAKER
/S/ LAURIE McKINNON