DA 21-0515

FILED

05/24/2022

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 21-0515

IN THE SUPREME COURT OF THE STATE OF MONTANA

2022 MT 97

JOSHUA SELENSKY-FOUST,

Plaintiff and Appellant,

v.

JONATHAN F. MERCER, M.D.,
PINTLER SURGICAL SPECIALISTS, and
COMMUNITY HOSPITAL OF ANACONDA,

Defendants and Appellees.

APPEAL FROM:     District Court of the Third Judicial District,
In and For the County of Anaconda-Deer Lodge, Cause No. DV-20-49
Honorable Ray J. Dayton, Presiding Judge

COUNSEL OF RECORD:

For Appellant:

Kevin W. Roberts, Roberts Freebourn, PLLC, Spokane, Washington

For Appellees:

Peter J. Stokstad, Elijah L. Inabnit, Garlington, Lohn & Robinson, PLLP,
Missoula, Montana

Submitted on Briefs:  March 30, 2022

Decided:  May 24, 2022

Filed:

_____
Clerk

Justice Jim Rice delivered the Opinion of the Court.

¶1 Joshua Selensky-Foust (Selensky) appeals the September 15, 2021 Order entered by the Third Judicial District Court, Anaconda-Deer Lodge County, dismissing his negligence claims against Community Hospital of Anaconda and Pintler Surgical Specialists (collectively, "CHA"),[1] as time-barred.

¶2 We affirm and address the following issues:

*1. Did the District Court err by concluding Selensky's claim against CHA was a professional negligence claim subject to the two-year period of limitations under § 27-2-205(1), MCA?*

*2. Did the District Court err by ruling Selensky's medical negligence claim was not tolled under § 27-2-205(1), MCA, and dismissing the claim as time-barred?*

**FACTUAL AND PROCEDURAL BACKGROUND[2]**

¶3 Selensky visited CHA on January 25, 2017, to undergo a procedure performed by Dr. Jonathan Mercer (Dr. Mercer) to remove a cyst from his left testicle. Dr. Mercer was not an employee of CHA, but was granted permission by CHA to perform surgeries at its clinic. Following the surgery, Selensky experienced immediate swelling, bruising, and discomfort. He was supposed to have a post-surgery ultrasound before discharge, but was informed an ultrasound was unavailable. Dr. Mercer prescribed pain medication for

---

[1] Pintler Surgical Specialists is described in the record as a surgical clinic that is part of the Hospital. At the time of this action, it had no separate legal existence and all its staff were employees of the Hospital, unlike Dr. Mercer, who was an independent practitioner using the Clinic's facilities.

[2] The Court accepts the factual allegations contained in Selensky's Amended Complaint as true for the purpose of this appeal.

2

Selensky and released him without an ultrasound. The next day Selensky returned for a follow-up appointment and complained to Dr. Mercer of significant pain, swelling, and bruising. Dr. Mercer prescribed him stronger pain medication. When Selensky's discomfort continued, Dr. Mercer advised him to report to the emergency department at St. James Hospital in Butte, Montana (St. James). Selensky went to St. James on January 27, 2017, and an ultrasound taken there revealed a lack of blood flow to his left testicle due to testicle torsion, a twisting of the stem supplying blood to the testicle. Selensky underwent emergency surgery at St. James during which his left testicle was determined to be necrotic and was removed.

¶4 On January 16, 2020, Selensky filed an Application for Review with the Montana Medical Legal Panel (MMLP),[3] stating claims against both Dr. Mercer and CHA. MMLP issued its decision by May 29, 2020. Selensky filed a complaint alleging medical negligence in the District Court on June 26, 2020, naming only Dr. Mercer as defendant. Selensky amended the complaint on April 30, 2021, adding CHA as a co-defendant with Dr. Mercer on Selensky's originally-stated medical negligence claim, and adding a separate negligence claim alleging CHA "breached the duty of care owed to Plaintiff by creating

---

[3] MMLP is an advisory panel that reviews potential malpractice claims against health care providers. Section 27-6-105, MCA. A claimant must submit an application to MMLP, and after an administrative hearing process, MMLP issues a decision regarding whether there exists "substantial evidence that the acts complained of occurred and that they constitute malpractice; and a reasonable medical probability that the patient was injured thereby." Sections 27-6-301, -502, -602, MCA. MMLP's decision is confidential and non-binding, but the claimant must complete the administrative process before pursuing a medical malpractice claim in district court. Sections 27-6-606(1), -701, -704, MCA.

polices preventing Defendant Dr. Mercer from using necessary hospital equipment to treat Plaintiff," in reference to the unavailability of the ultrasound machine for use following Selensky's surgery.

¶5    CHA filed a motion to dismiss under M. R. Civ. P. 12(b)(6), arguing Selensky had stated claims for medical malpractice that were time-barred by the two-year statute of limitations for such claims under § 27-2-205(1), MCA.  The District Court granted the motion, reasoning:

> Selensky-Foust's negligence claim against CHA arises from actions within the scope of CHA's role as a health[]care facility and is therefore a professional negligence claim subject to the two-year statute of limitations. The Court finds that Selensky-Foust was aware of the injury and that the injury may have been caused by both Dr. Mercer and CHA on January 27, 2017.  The Court finds the statute of limitations has not been tolled.  As neither a claim to the Montana Medical Legal Panel was filed nor was a suit filed to the Court by Selensky-Foust within the two-year statute of limitations, the Court finds Selensky-Foust's claim against CHA is time barred.[4]

¶6    Selensky appeals, arguing his separate claim against CHA was for general negligence that was not subject to the two-year statute of limitations for medical malpractice or, alternatively, that the two-year period for a medical malpractice claim was tolled due to misrepresentations made by CHA during the MMLP proceedings.

---

[4] The District Court granted summary judgment in favor of Dr. Mercer the same day, similarly ruling Selensky's claim against him was time-barred.  Final judgments in favor of CHA and Dr. Mercer were entered on September 20 and 22, respectively.  Only the dismissal of the separate negligence claim against CHA premised upon the unavailability of the ultrasound is challenged on appeal.

4

**STANDARDS OF REVIEW**

¶7      We review de novo a district court's decision to grant a motion to dismiss under Rule 12(b)(6). "In considering the motion, the complaint is construed in the light most favorable to the plaintiff, and all allegations of fact contained therein are taken as true." *Meagher v. Butte-Silver Bow City-County*, 2007 MT 129, ¶ 13, 337 Mont. 339, 160 P.3d 552 (citing *Plouffe v. State*, 2003 MT 62, ¶ 8, 314 Mont. 413, 66 P.3d 316). "A complaint should not be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Barthel v. Barretts Minerals Inc.*, 2021 MT 232, ¶ 9, 405 Mont. 345, 496 P.3d 541 (citing *Cowan v. Cowan*, 2004 MT 97, ¶ 10, 321 Mont. 13, 89 P.3d 6). We will uphold a district court's order of dismissal under Rule 12(b)(6) "when the complaint on its face establishes that the claim is barred by the statute of limitations." *Beckman v. Chamberlain*, 673 P.2d 480, 482 (1983). "[W]e review whether the district court interpreted and applied a statute correctly de novo." *Hines v. Topher Realty, LLC,* 2018 MT 44, ¶ 12, 390 Mont. 352, 413 P.3d 813 (citing *State v. Triplett*, 2008 MT 360, ¶ 13, 346 Mont. 383, 195 P.3d 819).

**DISCUSSION**

¶8      *1. Did the District Court err by concluding Selensky's claim against CHA was a professional negligence claim subject to the two-year period of limitations under § 27-2-205(1), MCA?*

¶9      Selensky's argument distinguishes between CHA's duty as a hospital to provide health care services according to a professional standard of care, and CHA's duty of ordinary care in making general business decisions. He argues his claim against CHA is

5

not for breach of professional standards of care for medical services, but, rather, for breach of ordinary care by its "negligent business decision" to adopt a policy allowing only CHA employees to operate its ultrasound machine ("ultrasound policy"),[5] while permitting surgical operations to be conducted without an available qualified employee to provide the necessary post-surgical ultrasound. According to Selensky, his injury was a foreseeable consequence of CHA's ultrasound policy and staffing decisions, and thus CHA breached its ordinary duty to "use reasonable care under the circumstances to avoid reasonably foreseeable risks of harm to the person or property of others." *Md. Cas. Co. v. Asbestos Claims Court*, 2020 MT 70, ¶ 26, 399 Mont. 279, 460 P.3d 882 (citations omitted); *see also* § 27-1-701, MCA (duty of ordinary care).

¶10   In medical malpractice cases, the standard of care and a departure therefrom is generally established by expert testimony regarding professional medical standards. *Brookins v. Mote*, 2012 MT 283, ¶ 63, 367 Mont. 193, 292 P.3d 347 (citation omitted); *Beehler v. E. Radiological Assocs., P.C.*, 2012 MT 260, ¶ 18, 367 Mont. 21, 289 P.3d 131 (citation omitted). Critical here, medical negligence claims are subject to a two-year statute of limitations, § 27-2-205(1), MCA, while general negligence claims are subject to a three-year statute of limitations under § 27-2-204(1), MCA.[6] For a medical negligence

---

[5] CHA denies adopting a formal "policy" restricting operation of the ultrasound machine to employees, but we accept the allegation as true for purposes herein.

[6] Section 27-2-205, MCA, was amended in 2015 to reduce the limitation period for medical malpractice claims from three to two years. We refer to the 2017 version of the statute herein.

claim, a plaintiff must file an application with MMLP within the two-year limitation period. *Labair v. Carey*, 2012 MT 312, ¶¶ 8, 18, 367 Mont. 453, 291 P.3d 1160. A timely application to MMLP tolls the limitation period until MMLP issues a decision, and for thirty days thereafter. Section 27-6-702, MCA; *Labair*, ¶ 18, n.1; *Runstrom v. Allen*, 2008 MT 281, ¶ 14, 345 Mont. 314, 191 P.3d 410.

¶11 CHA answers that the gravamen of Selensky's claim and the plain language of § 27-2-205(1), MCA, demonstrate Selensky's claim is one for medical malpractice subject to the two-year limitation period. Section 27-2-205(1), MCA, provides:

> [An] action in tort or contract for injury or death against . . . a licensed hospital . . . based upon alleged professional negligence or for rendering professional services without consent or for an act, error, or omission, must . . . be commenced within 2 years after the date of injury or within 2 years after the plaintiff discovers or through the use of reasonable diligence should have discovered the injury, whichever occurs last, but in no case may an action be commenced after 5 years from the date of injury.

The parties do not dispute CHA is a licensed hospital or that Selensky's claim is an action in tort for an injury, but they dispute the characterization of asserted tort. Selensky describes his claim as one for general negligence, but "[t]he gravamen of the claim, not the label attached, controls the limitations period to be applied to that claim." *Erickson v. Croft*, 233 Mont. 146, 153, 760 P.2d 706, 710 (1988) (citation omitted); *see also Saucier v. McDonald's Rests. of Mont., Inc.*, 2008 MT 63, ¶ 56, 342 Mont. 29, 179 P.3d 481 (this Court has "consistently looked to the nature of the acts alleged by the plaintiff, as opposed to the manner in which the complaint is framed, to determine the 'gravamen' of the complaint").

¶12 Selensky's Amended Complaint alleged that he "was supposed to have an ultrasound following the surgery before being released to go home, however, he was informed that there was no ultrasound available," and that he "suffered harm and damages as a direct and proximate result of [CHA] creating polices preventing Dr. Mercer from using necessary hospital equipment and/or not having staff available to use necessary medical equipment to treat Selensky." These allegations—that an ultrasound machine was "necessary medical equipment" to render the care Selensky "was supposed to have" after his surgery—would require appropriate proof of the standards of medical care applicable to this procedure. *See Beehler*, ¶ 18.[7] Selensky essentially alleges he did not receive the medical treatment necessary under prevailing professional standards, and he was therefore damaged because the testicle torsion was not timely detected, due to an "act, error, or omission" by CHA, either through its act of implementing the ultrasound policy, or through its error or omission in medical staffing during Selensky's treatment. Section 27-2-205(1), MCA (encompassing claims against health care providers that are "based upon alleged professional negligence *or* for rendering professional services without consent *or* for an act, error, or omission") (emphasis added).

¶13 We have distinguished between "the conduct by health[]care providers in the 'actual practice' of the profession" and the "acts or practices in the conduct of the entrepreneurial,

---

[7] Selensky consulted with an expert who opined in August 2019 that, based on Selensky's complaints of pain, employment of an ultrasound machine following surgery was required under the medical standard of care for this procedure.

8

commercial, or business aspects of running a hospital," holding only the latter to be actionable under Montana's Consumer Protection Act. *Brookins*, ¶ 54. We concluded there that "[t]he process undertaken by a hospital to determine if a doctor is medically qualified to use its facilities implicates the 'actual practice' of medicine" that is the basis for a professional negligence claim. *Brookins*, ¶ 55. We cited *Haynes v. Yale-New Haven Hosp.*, 243 Conn. 17, 699 A.2d 964, 974 (Conn. 1997), which concluded a consumer protection claim against a health care provider "'is an allegation that an entrepreneurial or business aspect of the provision of services aside from medical competence is implicated, *or aside from medical malpractice based on the adequacy of staffing, training, equipment or support personnel.*'" *Brookins*, ¶ 53 (emphasis added). Here, the gravamen of Selensky's claim is medical in nature, premised upon the care he received or failed to receive as a result of CHA's policies regarding medical equipment and medical staff, and therefore the claim comes within § 27-2-205(1), MCA, the two-year limitation period. *Erickson*, 233 Mont. at 153, 760 P.2d at 710.

¶14 The limitation period for medical malpractice claims begins to run "when a plaintiff discovers or through reasonable diligence should have discovered both (1) the injury; and (2) that the injury 'may have been caused' by the defendant medical provider." *Wilson v. Brandt*, 2017 MT 290, ¶ 19, 389 Mont. 387, 406 P.3d 452 (citing *Major v. N. Valley Hosp.*, 233 Mont. 25, 30, 759 P.2d 153, 156 (1988); *Wisher v. Higgs*, 257 Mont. 132, 144, 849 P.2d 152, 159 (1993)); § 27-2-205(1), MCA; *see also Runstrom*, ¶ 31. It is not disputed that Selensky was advised on the day of his surgery at CHA that he did not receive an

ultrasound when he should have, and he was aware after an ultrasound was conducted at St. James two days later that he had suffered a complication during Dr. Mercer's surgery, which led to the loss of his testicle. This was clearly sufficient for Selensky to discover, by January 27, 2017, at the latest, that he had sustained an injury and that his injury may have been caused by Dr. Mercer, CHA, or both.

¶15 Selensky argues the "true cause" of his injury was CHA's ultrasound policy, which he did not discover until his deposition of Dr. Mercer, which was conducted after he filed his original complaint, but we have rejected such arguments, holding "the statute of limitations is not tolled until a plaintiff discovers [his] legal right to bring an action for known injuries . . . [n]or is the statute tolled until a plaintiff 'learns the facts out of which a known cause of action arose.'" *Wilson*, ¶ 19 (quoting *Wisher*, 257 Mont. at 140, 849 P.2d at 157) (additional citations omitted). Section 27-2-205(1), MCA, does not require that Selensky knew the detailed facts giving rise to his claim, such as the reason the ultrasound machine was unavailable, for the limitation period to start running.

¶16 We agree with CHA that Selensky "discovered both his injury and that it may have been caused by [CHA] by January 27, 2017." Consequently, the limitation period for Selensky's claims against CHA expired two years later, on January 27, 2019. He did not file an application with MMLP until January 16, 2020, almost a year after the deadline.

¶17 *2. Did the District Court err by ruling Selensky's medical negligence claim was not tolled under § 27-2-205(1), MCA, and dismissing the claim as time-barred?*

¶18 Alternatively, Selensky argues the limitation period for his medical negligence claim against CHA was tolled under the "failure to disclose" provision of § 27-2-205(1), MCA, which provides:

> [T]his time limitation is tolled for any period during which there has been a failure to disclose any act, error, or omission upon which an action is based and that is known to the defendant or through the use of reasonable diligence subsequent to the act, error, or omission would have been known to the defendant.

Selensky argues that, during the MMLP proceedings, CHA "affirmatively concealed" its ultrasound policy and misrepresented to the panel that both the ultrasound machine and employees to operate it were available during his treatment.[8]

¶19 However, we need not determine the applicability of the "failure to disclose" provision to resolve this appeal. We have already determined the two-year limitation period applies to the claim, that Selensky reasonably should have known about his claims by January 27, 2017, and that, therefore, the limitation period expired on January 27, 2019, almost a year before Selensky submitted an application to MMLP. While an MMLP proceeding tolls the limitation period under § 27-6-702, MCA, in this case there was no remaining time left to toll—any alleged concealment by CHA during the MMLP proceedings occurred over a year after the limitation period had expired.[9]

---

[8] CHA denies any misrepresentation or concealment and argues Selensky has produced no evidence that CHA has a formal ultrasound policy, but for purposes of a motion to dismiss, we assume Selensky's allegations are true.

[9] Regarding the proper applicability of the "failure to disclose" provision of § 27-2-205(1), MCA, to the five-year statute of repose, *see Blackburn v. Blue Mt. Women's Clinic*, 286 Mont. 60, 73-74, 951 P.2d 1, 9 (1997), and *Runstrom*, ¶¶ 43, 47.

¶20 We conclude the District Court did not err by concluding that Selensky's Amended Complaint "on its face establishes that the claim is barred by the statute of limitations." *Beckman*, 673 P.2d at 482.

¶21 Affirmed.

/S/ JIM RICE

We concur:

/S/ MIKE McGRATH
/S/ JAMES JEREMIAH SHEA
/S/ INGRID GUSTAFSON
/S/ DIRK M. SANDEFUR