FILED

10/04/2022

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 22-0070

DA 22-0070

IN THE SUPREME COURT OF THE STATE OF MONTANA

2022 MT 193N

DAVID SNYDERS,

      Plaintiff and Appellant,

  v.

PROFESSIONAL PROPERTY MANAGEMENT,

      Defendant and Appellee,

APPEAL FROM:   District Court of the Fourth Judicial District,
In and For the County of Missoula, Cause No. DV-21-1272
Honorable Robert L. Deschamps, III, Presiding Judge

COUNSEL OF RECORD:

    For Appellant:

        David Snyders, Self-Represented, Missoula, Montana

    For Appellee:

        Thomas C. Orr, Orr McDonnell Law, PLLC, Missoula, Montana

Submitted on Briefs:  August 31, 2022

Decided:  October 4, 2022

Filed:

_____
Clerk

Chief Justice Mike McGrath delivered the Opinion of the Court.

¶1    Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent.  Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2    David Snyders (Snyders) appeals from a February 1, 2022 Fourth Judicial District Court Order denying his appeal from an August 25, 2021 bench trial in Justice Court.  The lower court denied his claim for relief after Professional Property Management (PPM) withheld most of his $1,200 security deposit after he moved out of his rental.  We affirm.

¶3    On February 9, 2017, Snyders entered into a Residential Lease-Rental Agreement with Clark Fork Realty for a twelve-month rental of a property located at 2010 South 8th Street West, in Missoula.  The lease agreement provided for a $1200 security deposit. Shortly thereafter, Snyders signed a document entitled Manager-Tenant Statement of Condition of the Rental Property (Statement of Condition), that listed a number of items in the residence as in "fair" or "poor" condition.  On November 7, 2018, PPM sent a letter to residents of the property, stating that PPM was taking over management of the property from Clark Fork Realty and would be conducting walk throughs of the residences. Accompanying the letter, for Snyders' signature, was a Residential Lease Agreement between PPM and Snyders providing for a month-to-month tenancy starting on December

15, 2018 and purporting to incorporate "Move-in Property Condition Report" and "Present Condition of Premises" documents.

¶4 After Snyders moved out in 2021, PPM conducted an inspection, provided Snyders with an inspection report listing numerous issues found, and, ultimately, withheld all but $84.99 of Snyders' security deposit, noting $735.96 in cleaning costs, including 14 hours of labor, and $384.99 in damages, including removing and disposing of leftover tenant items, painting and repairing a wall, and replacing carpet.

¶5 At an August 25, 2021 bench trial in Justice Court, Snyders argued that his security deposit should not have been withheld because (1) PPM had not complied with § 70-25-206, MCA, and (2) the residence was already in disrepair when he moved in. Early on in the trial, Snyders attempted to reference the Statement of Condition document, which he had apparently attempted to file with the clerk's office beforehand on the assumption that the court would receive and consider it. The Justice Court advised that anything Snyder wished to have considered by the court would need to be admitted into evidence at the current trial. However, counsel for PPM then stipulated to the admission of the Statement of Condition and it was admitted into the court file as evidence.

¶6 PPM presented testimony and a written report thoroughly documenting the condition of the residence after Snyders moved out—describing it as "filth[y]" with vomit on the floor and heating vent—and regarding the cost of the subsequent cleaning and repairs. A PPM witness also testified that Snyders was not charged for anything that he had listed as already in "fair" or "poor" condition on his original 2017 Statement of Condition document. Moreover, witness testimony established that PPM did conduct a

walk-through of the premises upon taking over management of the property in 2018 and Snyders had not raised any issues with regard to the condition of the premises at that time.

¶7 The Justice Court ruled in favor of PPM, determining that Snyders had failed to provide sufficient evidence to support his claim. The ruling was upheld on appeal by the District Court.

¶8 In an appeal from a justice court established as a court of record, the district court functions as an appellate court and review is confined to the record. *State v. Seaman*, 2005 MT 307, ¶ 10, 329 Mont. 429, 124 P.3d 1137. This Court reviews a justice court's factual findings for clear error, its discretionary rulings for abuse of discretion, and its legal conclusions for correctness, as if the appeal had been originally filed in this Court. *Seaman*, ¶ 10; *Hines v. Topher Realty*, *LLC*, 2018 MT 44, ¶ 11, 390 Mont. 352, 413 P.3d 813. Our ultimate determination is whether the district court, in its review of the trial court's decision, reached the correct conclusions under the appropriate standards of review. *Hines*, ¶ 12.

¶9 Section 70-25-206(1), MCA, provides in relevant part that a "person engaged in the rental of property for residential purposes who requires a security deposit shall furnish to each tenant, in conjunction with execution of a lease or creation of a tenancy, a separate written statement as to the present condition of the premises intended to be let." It further provides that a landlord who fails to do so "is barred from recovering any sum for damage to or cleaning of the leasehold premises unless the person can establish by clear and convincing evidence that the damage occurred during the tenancy in question and was caused by the tenant" or the tenant's guests. Section 70-25-206(3), MCA. Snyders argues

4

here, as he did before the Justice Court, that PPM was required to furnish him with a new statement as to the present condition of the premises when it executed the 2018 lease pursuant to taking over management of the property. However, we need not reach this issue here[1] because the record, as summarized above, supports the conclusion that PPM, regardless, met its burden under § 70-25-206(3), MCA, to show by clear and convincing evidence that the damage occurred during Snyders' tenancy and was caused by Snyders or his guests. Moreover, there was sufficient record evidence to support a factual finding that Snyders was not charged for cleaning or repair of items that he had listed as being in either fair or poor condition upon moving in.

¶10     On appeal, Snyders states that he was misadvised by a clerk of court that he could "upload[]" exhibits ahead of time that could then be considered by the Justice Court during trial. Snyders fails to show how reliance on this alleged bad advice entitles him to relief on appeal. Similarly, Snyders provides no legal support for his argument that the Justice Court should have, sua sponte, ordered a continuance or recess to better allow Snyders to understand the rules of evidence and prepare accordingly, and fails to demonstrate that the District Court was required to order a new trial on that basis.[2]

---

[1] Not raised by the parties here, the new lease appears to incorporate the preexisting Statement of Condition.

[2] Notably, the record indicates that, once Snyders learned that he would have to enter into evidence any materials he wished the court to consider, the court promptly admitted, as stipulated to by opposing counsel, the Statement of Condition document Snyders sought to rely upon. Snyders did not take the opportunity to seek to admit any other evidentiary materials, beyond a print-out of § 70-25-206, MCA. Thus, the record demonstrates that Snyders was able to present the materials relevant to his two arguments made below.

5

¶11    We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions.  In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review.

¶12    Affirmed.


/S/ MIKE McGRATH


We Concur:

/S/ LAURIE McKINNON
/S/ BETH BAKER
/S/ DIRK M. SANDEFUR
/S/ JIM RICE